**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ADAM RESNICK,

Plaintiff,

—*against*—

GREGG POLSKY,

Defendant.

25 Civ. 10333 (DEH)

# PLAINTIFF ADAM RESNICK'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

Steptoe LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

December 20, 2025

# TABLE OF CONTENTS

INTRODUCTION ..... 1

FACTS ..... 2

ARGUMENT ..... 5

I. This Court Lacks Jurisdiction ..... 5

II. This Court Should Award Attorney Fees and Costs ..... 9

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Cases**

*Blank v. Petrosyants*,
164 N.Y.S.3d 201 (2d Dep't 2022)........................................................................................ 5

*Calabro v. Aniqa Halal Live Poultry Corp.*,
650 F.3d 163 (2d Cir. 2011)............................................................................................... 10

*City of New York v. Exxon Mobil Corp.*,
154 F.4th 36 (2d Cir. 2025) .............................................................................................. 5, 9

*City of New York v. Exxon Mobil Corp.*,
733 F. Supp. 3d 296 (S.D.N.Y. 2024), *aff'd*, 154 F.4th 36 (2d Cir. 2025).............................. 7

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
547 U.S. 677 (2006).......................................................................................................... 6, 8

*Gondolfo v. Town of Carmel*,
No. 20-CV-9060 (CS), 2022 WL 19183 (S.D.N.Y. Jan. 3, 2022)......................................... 10

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,
545 U.S. 308 (2005)............................................................................................................. 6

*Gunn v. Minton*,
568 U.S. 251 (2013)....................................................................................................... 6, 7, 8

*In re Lawrence*,
24 N.Y.3d 320 (2014) ......................................................................................................... 5

*In re Standard & Poor's Rating Agency Litigation*,
23 F. Supp. 3d 378 (S.D.N.Y. 2014)................................................................................. 6, 7

*Marren v. Stout*,
930 F. Supp. 2d 675 (W.D. Tex. 2013)................................................................................. 8

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005).................................................................................................... 9, 10, 11

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*,
478 U.S. 804 (1986)............................................................................................................. 5

*New York ex rel. Jacobson v. Wells Fargo National Bank, N.A.*,
824 F.3d 308 (2d Cir. 2016)............................................................................................. 6, 7

*Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*,
91 N.Y.2d 30 (1997) ........................................................................................................... 5

*Savino v. Savino*,
590 F. App'x 80 (2d Cir. 2015) .......... 10

*State by Tong v. Exxon Mobil Corp*.,
83 F.4th 122 (2d Cir. 2023) .......... 8

*Sullivan v. American Airlines, Inc*.,
424 F.3d 267 (2d Cir. 2005).......... 5

*Veneruso v. Mount Vernon Neighborhood Health Center*,
933 F. Supp. 2d 613 (S.D.N.Y. 2013), *aff'd*, 586 F. App'x 604 (2d Cir. 2014).......... 9

**Statutes**

26 U.S.C. § 7213.......... 4, 6

26 U.S.C. § 7623.......... 4, 7

28 U.S.C. § 1447.......... 1, 9

31 U.S.C. § 330.......... 4, 8

31 U.S.C. § 3729.......... 4, 8

**Regulations**

26 C.F.R. 301.7623-4.......... 4, 7

## INTRODUCTION

This case arises under state law and was improperly removed to this Court. The Court should promptly remand the case to state court, and Defendant Gregg Polsky should be ordered, as contemplated by 28 U.S.C. § 1447(c), to pay Plaintiff Adam Resnick's expenses (including attorneys' fees) associated with having to make this motion.

Mr. Polsky is a tax attorney who has represented Mr. Resnick since at least 2012 in connection with certain "whistleblower" claims. These claims involve notifying the government of instances where third parties may have violated the tax laws or other laws, with the aim of sharing in any resulting proceeds the government collects from the wrongdoers. Mr. Resnick brought this lawsuit in New York state court (i) seeking a copy of the case files to which Mr. Resnick is entitled as a client of Mr. Polsky, and (ii) challenging Mr. Polsky's fees on one particular matter as exceeding what is permissible under governing state ethics rules.

Mr. Polsky removed this case to this Court, alleging that the Complaint's claims "arise under" federal law. The Notice of Removal states (without elaboration) that the claims will require the Court to interpret or apply federal whistleblower statutes and IRS practice regulations. But this is simply wrong. The Complaint's two claims concern an attorney's professional obligations to his client and the reasonableness of legal fees—quintessential issues of state law. Even if the case implicated federal issues (and the Notice of Removal does not say how), that would not mean the case "arises under" federal law for purposes of removal. A claim generally arises under federal law only where a federal claim or issue appears on the face of a well-pleaded Complaint—which is not the case here.

When counsel for Mr. Resnick asked in writing how removal could be proper, Mr. Polsky's counsel responded that producing Mr. Resnick's client file would violate a federal taxpayer privacy statute (one not mentioned in the Notice of Removal). This reading of the

taxpayer privacy statute is incorrect, but, more to the point for this motion, cannot support removal. Under black-letter law, an anticipated federal defense is *not* a basis for jurisdiction in federal court. Mr. Polsky's counsel next repeated, without elaboration, the vague assertion in his Notice of Removal that the Court would be required to interpret federal law—but again provided no explanation for how this could be so or why that would justify removal.

To be sure, the Supreme Court has recognized, in an exceedingly narrow category of cases, that a cause of action under state law can be deemed to "arise under" federal law where (among other requirements) a disputed and substantial federal question is a "necessary element" of the plaintiff's claim. But, here, Mr. Polsky has not explained, and cannot explain, how the federal laws and regulations he cites are even relevant to any disputed raised by the Complaint, much less how they are a necessary element of the claims. Removal was therefore improper.

Finally, it is well-settled that the Court has discretion to award costs and fees when an attempted removal lacks an "objectively reasonable basis." That is the situation here. The Notice of Removal contains only a threadbare—and clearly incorrect—purported justification for federal question jurisdiction that has taken this case on a detour of this wasteful motion practice. It is appropriate for this sort of groundless stalling to have consequences.

The Court should remand this case and award Mr. Resnick his costs and fees.

## **FACTS**

Dating back to the early 2010s, Mr. Resnick was among a group of individuals involved in investigating possible noncompliance with state or federal tax laws, or federal securities laws, so that they might notify the relevant government agency and potentially share in the recoveries under applicable whistleblower laws. Resnick Decl. ¶ 2. In approximately 2012, Mr. Polsky and a second attorney began advising Mr. Resnick and a second individual for purposes of these potential claims. ECF 1-3 ("Compl.") ¶ 5; Resnick Decl. ¶ 3. Specifically, Mr. Polsky, a tax

attorney, provided advice and representation for potential claims relating to tax and securities law violations, and certain (but not all) of those matters were listed in a written "Retainer Agreement," dated August 2012. *Id.*; Compl. ¶¶ 5-6. Mr. Polsky's advice and engagement pertained not only to federal claims, but also to potential claims under state whistleblower laws, such as New York's False Claims Act. N.Y. State Fin. L. § 178 *et seq*. Resnick Decl. ¶ 4. As part of this arrangement, Mr. Polsky acted as counsel for all the relevant matters, providing privileged advice and analysis to Mr. Resnick and other joint clients entitled to share in the proceeds. *Id.*

In mid-2025, one of the matters expressly covered by the August 2012 Retainer Agreement resulted in a significant payout. Compl. ¶ 9. In October 2025, Mr. Resnick (through counsel) wrote to Mr. Polsky to ask for a copy of the relevant files for all the various whistleblower matters (not just the one that had just paid out) and sought an accounting of the various award payouts. *Id*. ¶ 12; Michael Decl. Ex. A.

Mr. Polsky initially responded that he would like to set up a call to "discuss logistics of getting the documents to" Mr. Resnick and expressed surprise that there would be any concerns, given "our recent successes." *Id*. Ex. B. But, once Mr. Polsky hired counsel, this position evolved. Mr. Polsky's counsel initially stated the files would be produced "if there is an appropriate confidentiality order or agreement in place." Compl. ¶ 13; Michael Decl. Ex. C, at 2. But, when Mr. Resnick agreed to negotiate the requested confidentiality agreement, Mr. Polsky's counsel suddenly declared that Mr. Resnick was never a client in the first place. Compl. ¶ 14; Michael Decl. Ex. C, at 1.

To date, Mr. Polsky has not produced any files with respect to any of the whistleblower matters. Resnick Decl. ¶ 7.

As a result, Mr. Resnick was forced to file suit. On November, 5, 2025, he filed a Summons with Notice, ECF 1-1, and, following service, ECF 1-2, filed his Complaint against Mr. Polsky on December 11, 2025. *See* Compl. The Complaint asserts two state law causes of action: (i) breach of professional duties arising from Mr. Polsky's refusal to produce a copy of the client file; and (ii) breach of professional duties arising from Mr. Polsky charging an unreasonable contingency fee for his legal services. *Id*. ¶¶ 15-21. The Complaint does not assert any federal claim. Nor does it cite any federal statute or regulation.

On December 12, 2025, Mr. Polsky removed the action to this Court. ECF 1 ("Notice of Removal"). Mr. Polsky's Notice of Removal included a single sentence in support of his position that Mr. Resnick's state law causes of action "arise under federal law":

> Specifically, this action raises questions about the interpretation and application of the whistleblower provisions of the Tax Relief and Health Act of 2006, 26 U.S.C. § 7623(b); the False Claims Act, 31 U.S.C. § 3729 *et seq*.; and/or the Regulations Governing Practice before the Internal Revenue Service, 31 U.S.C. § 330 *et seq*.

Notice of Removal, at 3-4.

Counsel for Mr. Resnick sent an email asking what specific federal "questions" were raised and how. Michael Decl. Ex. D, at 1-2. Mr. Polsky (through counsel) responded that producing the client file would violate a federal taxpayer privacy statute (which was not mentioned in the Notice of Removal), and vaguely claimed that the case would also require the Court to interpret certain federal laws and regulations—without saying how or why, *see id* at 1:

> Mr. Resnick's claims arise under federal law and make jurisdiction under Section 1331 proper because, among other things, disclosure of the information that your client seeks will require our client to violate federal criminal law. *See, e.g.*, 26 U.S.C. § 7213(a). Your claims also require a Court to interpret and decide the meaning of federal statutory and regulatory provisions that include but are not limited to 26 U.S.C. § 7623(b) and Treas. Reg. section 301.7623-4 (b)(2).

## <u>ARGUMENT</u>

### I. This Court Lacks Jurisdiction

A case filed in state court may be removed to federal court if the case could have been brought there originally. *City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 40 (2d Cir. 2025). The defendant has the burden of establishing that removal is proper, and the Court, in assessing whether that burden has been met, must resolve "any doubts against removability." *Id.* at 40-41. Under the "well-pleaded complaint" rule, removal based on federal question jurisdiction is proper only where the federal question appears on the face of the complaint, usually because the causes of action are based on federal laws. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A case asserting only state law causes of action does not become a federal question case "merely because, to resolve it, the court may need to interpret federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) (citation omitted). Further, because removability is determined with reference to a well-pleaded complaint, "it cannot be triggered based on 'a federal defense.'" *Exxon Mobil Corp.*, 154 F.4th at 41 (citation omitted).

Here, Mr. Polsky does not appear to challenge that the Complaint on its face raises only state law causes of action. Nor could he. *See, e.g.*, *In re Lawrence*, 24 N.Y.3d 320, 336 (2014) (assessing fee arrangement under state law); *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 37-38 (1997) (assessing return of client file under state law); *Blank v. Petrosyants*, 164 N.Y.S.3d 201, 204 (2d Dep't 2022) (assessing existence of attorney-client relationship under state law).

Instead, Mr. Polsky appears to be invoking a narrow exception under which "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the

federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This exception traces back to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), in which the plaintiff filed a state law "quiet title" action that was premised entirely on whether the IRS provided the notice required by federal law before seizing his property. The so-called *Grable* exception applies only to a "special and small category" of cases where, as in *Grable*, the state law causes of action raised federal issues that were paramount, dispositive, and implicated federal interests beyond the particular case. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). As the Supreme Court has since made clear, the holding of *Grable* arose from its unique facts: a state law cause of action raised "a nearly 'pure issue of [federal] law,' one 'that could be settled once and for all and thereafter would govern numerous tax sale cases.'" *Id.* at 700 (citation omitted). By contrast, where the underlying state law claims are "'fact-bound and situation specific,' federal-question jurisdiction will generally be inappropriate." *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 395 (S.D.N.Y. 2014) (quoting *Empire*, 547 U.S. at 700-01).

Here, Mr. Polsky's refers, with varying degrees of specificity, to certain federal laws and regulations, but nowhere comes close to identifying a dispositive, substantial federal issue of sufficient importance to trigger the *Grable* exception.

*First*, Mr. Polsky's assertion that turning over the client files would violate a taxpayer privacy law 26 U.S.C. § 7213(a), Michael Decl. Ex. D, at 1—in short, a defense of illegality—cannot trigger the *Grable* exception. To start, consistent with the well-pleaded complaint rule, the *Grable* exception applies only where a state law claim "is affirmatively 'premised' on a violation of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable*, 545 U.S. at 314). The "fact that Defendants may have a

[federal] defense" is simply "not adequate to establish the . . . exception." *City of New York v. Exxon Mobil Corp*., 733 F. Supp. 3d 296, 314 (S.D.N.Y. 2024), *aff'd*, 154 F.4th 36 (2d Cir. 2025) (citation omitted); *see also Standard & Poor's*, 23 F. Supp. 3d at 395 (concluding "the presence of a federal defense" does not suffice under *Grable*, even where "the defense is the only disputed issue in the case") (citation omitted). Relatedly, Mr. Polsky's illegality theory does not bring the case within *Grable* because the alleged illegality is not a federal question "*necessarily* raised" by the case. *Gunn*, 568 U.S. at 258 (emphasis added). Mr. Polsky's primary ground for refusing to turn over a copy of the client file is that Mr. Polsky was allegedly never Mr. Resnick's attorney *at all*. Michael Decl. Ex. D, at 1. Setting aside the implausibility of that assertion, it would, if proven, obviate the need to delve into *any* issue of federal law.

*Second*, Mr. Polsky fares no better with his assertion that the Complaint will "require a Court to interpret and decide the meaning" of a particular federal whistleblower statute and regulation (specifically, 26 U.S.C. § 7623(b) and 26 C.F.R. 301.7623-4(b)(2)). Michael Decl. Ex. D, at 1. Mr. Polsky does not bother to explain why those provisions are implicated here, much less even try to show that Mr. Resnick's claims are "affirmatively 'premised'" on them. *Wells Fargo*, 824 F.3d at 315. Nor could he. These provisions address whether and under what circumstances the IRS will pay whistleblowers—and how much will be paid—for information leading to the collection of proceeds from others who violate the federal tax laws. The Complaint in no way challenges or asserts Mr. Polsky (or anyone else) violated those provisions. And even if Mr. Polsky could provide an account for why the state court may have to construe these provisions, that would not suffice. Again, for these purposes, the "mere *presence* of a federal issue in a state cause of action" is insufficient; the pertinent "question of federal law" must be "a *necessary element* of one of the well-pleaded state claims." *State by Tong v. Exxon Mobil Corp*.,

83 F.4th 122, 140 (2d Cir. 2023) (emphasis in original; citation omitted). Mr. Polsky appears to assume that any federal issue lurking anywhere in the case is a ticket to federal court, overlooking that state courts are perfectly "competent to apply federal law," and do so regularly. *Empire*, 547 U.S. at 681.

*Third*, the Notice of Removal vaguely refers to the False Claims Act, 31 U.S.C. § 3729, and the Regulations Governing Practice before the Internal Revenue Service, 31 U.S.C. § 330. But Mr. Polsky has likewise failed to explain how either could bear on Mr. Resnick's state law claims. Mr. Resnick does not, for example, allege that Mr. Polsky made false statements in violation of 31 U.S.C. § 330, nor does Mr. Resnick assert any claims under the IRS's regulations governing tax attorneys.

*Finally*, even assuming Mr. Resnick's claims could be construed to be premised on federal law, the case does not present the type of rare, "pure" federal question, *Empire*, 547 U.S. at 700, that can be shifted from state to federal court without "disrupting the federal-state balance approved by Congress." *Gunn*, 568 at 258. Instructive here is *Marren v. Stout*, 930 F. Supp. 2d 675 (W.D. Tex. 2013), where the plaintiff's various state law claim for wrongful termination (among others) were premised entirely on her having been misclassified as an independent contractor, rather than an employee, under federal tax law. The court found that federal questions were essential elements of each state claim, but nonetheless remanded the case to state court because the federal issues were fact-bound—that is, there was as no "pure" question of federal law that "would guarantee [either side] victory"—and because the reasoning advocated by the defendant would upset the traditional federal-state balance of jurisdiction. *Id.* at 683-92. Both rationales apply here, too. Mr. Polsky's taxpayer privacy defense raises, at best, fact questions that are not dispositive. Even assuming the privacy statute applies, it could not plausibly cover

the *entire* client file Mr. Resnick seeks. Documents relating to Mr. Polsky's advice on whistleblower claims under state laws relating to noncompliance with state tax laws, for example, have *nothing to do* with federal law. Still further, Mr. Polsky cannot credibly claim that every stitch of paper in the file is protected by federal law (*e.g.*, materials disclosing no information about any particular taxpayer). And, as for preserving the proper balance of federal and state jurisdiction, the *Marren* court was appropriately reluctant to adopt a rule that would "support the exercise of federal-question jurisdiction over almost all malpractice claims brought against tax attorneys, since a court would have to look to federal tax law to determine whether the attorney had breached his or her duty." *Id.* at 690. Here, Mr. Resnick brings a similar type of state law claim—that a tax attorney breached professional duties—and adopting Mr. Polsky's position would, as the *Marren* court observed, improperly funnel virtually all such cases to federal court. *See also Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 630 (S.D.N.Y. 2013), *aff'd*, 586 F. App'x 604 (2d Cir. 2014) (finding "the balance between state and federal responsibilities requires remand" despite federal law being implicated).

At bottom, this is a case arising under state law, not federal law, and so the Court should remand to state court.

## II. This Court Should Award Attorney Fees and Costs

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See also Exxon Mobil Corp.*, 154 F.4th at 46-50 (upholding fee award following remand). Congress expressly authorized fee-shifting following remands because it recognized that "process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). In short, Congress wanted to "deter

removals sought for the purpose of prolonging litigation." *Id.* To be awarded fees and costs, the moving party need not show the removal was "frivolous," or "without foundation." *Id*. at 138 (citation omitted). Rather, courts have discretion to award fees and costs so long as the "removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141.

Here, for the reasons stated above, Mr. Polsky's removal was not only improper but lacked an objectively reasonable basis. The Notice of Removal contains only a threadbare and vague reference to federal laws, with no explanation of how the case "arises under" them. When asked to elaborate, counsel for Mr. Polsky's counsel cited *different* federal laws, and, with one exception, gave *no explanation* for how or why those laws were relevant. The only instance in which Mr. Polsky explained the connection between a particular federal law and the underlying claims—his federal taxpayer privacy defense—clearly cannot support removal. As discussed, it is well-settled that a federal defense or other issue that would appear only in a responsive pleading (as opposed to a well-pleaded Complaint) is *not* grounds for removal.

Courts have awarded fees and costs where defendants, like Mr. Polsky in this case, overlooked this black-letter law. *Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) (upholding district court's award of attorney's fees and costs, in part, because "[i]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense'") (citation omitted); *Calabro v. Aniqa Halal Live Poultry Corp*., 650 F.3d 163, 166 (2d Cir. 2011) (awarding fees and holding that it was "objectively unreasonable" for a defendant to contend that "raising a federal question in its responsive pleadings" would make the case removable); *Gondolfo v. Town of Carmel*, No. 20-CV-9060 (CS), 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022) (awarding fees for remand where defendants' arguments were "largely centered on the existence of a federal preemption defense"). This Court should likewise award fees and costs

here. It is especially appropriate to do so because, by filing his groundless removal papers, Mr. Polsky has succeeded in delaying what should be a straightforward case, and has forced Mr. Resnick to endure the very needless delay that Congress sought to deter in authorizing fee-shifting. *Martin*, 546 U.S. at 140. In other words, awarding fees and costs here will appropriately vindicate Congress's interest in deterring the type of stalling that Mr. Polsky's improper removal petition has caused.

## CONCLUSION

For the foregoing reasons, Mr. Resnick respectfully requests that the Court grant this motion, remand this action to the Supreme Court of the State of New York, County of New York, and award Mr. Resnick his costs and expenses, including attorney fees, incurred as a result of the removal.

Dated: New York, New York
December 20, 2025

Respectfully Submitted,

STEPTOE LLP

By: ______________________

Charles Michael
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900
cmichael@steptoe.com

Steven Kaplan*
STEPTOE LLP
1330 Connecticut Ave NW
Washington, DC 20036
(202) 429-3000
skaplan@steptoe.com

**pro hac vice* application forthcoming

*Counsel for Plaintiff Adam Resnick*

## LOCAL RULE 7.1(c) CERTIFICATION

I am the attorney who is filing this document. I hereby certify that this document, exclusive of the caption and signature block, contains 3,494 words as counted by the word-processing system used to prepare the document.

*/s/ Charles Michael*
Charles Michael